# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Madalyne Barnes, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Festival Fun Parks, LLC d/b/a Palace )<br>Entertainment (Idlewild & SoakZone), )<br>)<br>    Defendant, | No.  3:22-cv-165 |

## COMPLAINT

Plaintiff Madalyne Barnes, by undersigned counsel, files this Complaint stating as follows:

## PARTIES

1. Madalyne Barnes is an adult individual residing at 740 Drexel Avenue, Johnstown, PA 15905.

2. Defendant Festival Fun Parks, LLC, d/b/a Palace Entertainment (Idlewild & SoakZone) has its principal place of business located at 4800 Kennywood Blvd, West Mifflin, PA 15122. Defendant owns and operates an amusement park in Ligonier, PA, Idlewild & SoakZone.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the present action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42

U.S.C. § 2000e-5, 29 U.S.C. § 626; 28 U.S.C. §§ 1331 and 1343. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

4. Barnes filed a complaint with the EEOC on September 30, 2021. Barnes received a Right to Sue letter from the EEOC on June 29, 2022. This Complaint is timely filed.

5. Venue is appropriate in this district, as the events upon which the allegations in the Complaint are based occurred within this district.

## FACTUAL BACKGROUND

6. Madalyne "Maddy" Barnes was employed by Festival Fun Parks. LLC, d/b/a Palace Entertainment (Idlewild & SoakZone) as a Team Lead at the SoakZone water park, until she was fired because of her sex and sexual orientation on July 14, 2021.

7. Barnes was hired as a lifeguard at Idlewild and SoakZone in Ligonier, PA in 2018. In July of 2019, Barnes was called a "fucking bitch" by the male lead lifeguard and her supervisor, Nathan Ginnely. Barnes is homosexual.

8. Based on her job performance, Barnes was promoted to lead lifeguard in June of 2020. During the summer of 2020, Barnes was alerted to homophobic conduct by a Team Lead, Abigail Smith. After learning about the sexual

orientation of another homosexual female, Smith began to treat the female employee differently and referred to her sexuality as "gross."

9. Barnes began dating another female employee at the end of the 2020 season. She was still dating that employee in 2021. In June of 2021, the Head of Operations at the park, Brian Payne, began to treat Barnes and her girlfriend negatively. Payne would not refer to them by name and would only refer to them as "you two." Also in June, Ginnely referred to Barnes and her girlfriend numerous times as "dykes," "fags," and "evil." Ginnely also made comments that there were too many girls on the leadership staff and that he could not stand being the only guy. On one occasion when Ginnely had to spray a wasp nest at work, he said to Barnes "why can't one of you bitches do this? I'm the only one with balls around here."

10. Ginnely pretended to "punch" Barnes on several occasion which, together with his homophobic and gender-based comments scared Barnes. The conduct continued after Ginnely was told that it scared Barnes and she did not welcome his conduct. Barnes then reported Ginnely's conduct to her supervisor, Smith. However, Smith did not address Barnes' complaints with Ginnely.

11. Ginnely asked to work only as a lifeguard and told the Aquatics manager that the reason for the change was that he was tired of the drama involving Barnes, her girlfriend, and Smith.

12. On July 5, 2021, Barnes was called into a meeting with her girlfriend, Smith, and Payne. Payne accused them of bullying Ginnely and engaging in insubordination and harassment of Ginnely. However, when Payne was asked to explain how Barnes had bullied, was insubordinate, or had harassed Ginnely, Payne was unable to provide any specific examples.

13. Barnes and her girlfriend were told that they were both being terminated immediately for harassment. During the termination meeting, Barnes reported the homophobic and gender-based slurs made by Ginnely. Payne said that the company's "zero-tolerance policy" applied to Ginnely as well.

14. Barnes asked to speak with Becky Cibulka, the Human Resources Director, the next day, July 6, 2021. During the meeting, Barnes informed Cibulka that she never intended any comments to Ginnely in a derogatory way and no one ever raised a concern with her or her girlfriend about any comments to or concerns from Ginnely. Barnes also reported Ginnely's conduct and the fact that she had reported it to Smith and that no action was taken. Cibulka advised Barnes that she would investigate the matter and get back to her.

15. Barnes and her girlfriend were terminated, but Ginnely continued to work for the company.

16. On July 14, 2021, Barnes received an email from Cibulka that stated: "Hi Maddy. After further investigation, we will be continuing with your

termination of employment.  The reason for termination will be 'Misconduct', and you will not be eligible for rehire.  I wish you luck in your future endeavors."

## COUNT I - SEX DISCRIMINATION/HARASSMENT/RETALIATION

17. Plaintiff incorporates by reference the averments of Paragraphs 1-16 of the Complaint as if the same were set forth in full.

18. Barnes was harassed, discriminated against, and retaliated against because of her sex.

19. The above-described unlawful employment practices by Defendant violate Title VII.

20. The Defendant's actions were performed with malice and/or reckless indifference to the Plaintiff's federally protected rights.

21. As a direct and proximate result of the above-mentioned employment practices, Barnes was discharged and deprived of her job and has lost income in the form of back and front pay, fringe benefits, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered the non-economic damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment

interest and reasonable attorney's fees including litigation expenses and the costs in this action.

### **COUNT II - THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)**

22. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

23. The PHRA prohibits discrimination and harassment based upon sex.

24. Defendant's discriminatory and harassing conduct and Plaintiff's termination because of sex as more fully described herein were in violation of the PHRA.

25. Defendant's alleged reason for its termination of Plaintiff's employment was a pretext for illegal discrimination.

26. Defendant's unlawful employment practices caused Plaintiff to suffer damages including but not limited to lost income, lost benefits, emotional distress, and mental anguish.

27. Defendant's deliberate discrimination against Plaintiff is unlawful discrimination and is in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**JURY TRIAL DEMANDED**

                                      Respectfully submitted,

                                      THOMSON, RHODES & COWIE, P.C.

Dated: September 22, 2022       /s *Thomas B. Anderson, Esquire*
                                      Thomas B. Anderson, Esquire
                                      PA I.D. #79990
                                      THOMSON, RHODES & COWIE, P.C.
                                      Firm No. 720
                                      Two Rodi Plaza, Suite 301
                                      Pittsburgh, PA  15235
                                      (412) 232-3400
                                      tanderson@trc-law.com

                                      Attorneys for the Plaintiff